UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20457-CR Seolk/Dawbsta

UNITED STATES OF AMERICA

vs.

ALTEC MEDICAL, INC.,

　　　　Defendant
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida and the United States Department of Justice, Consumer Protection Branch (hereinafter referred to collectively as the "Office" or the "government") and ALTEC MEDICAL, INC. (hereinafter referred to as the "defendant" or "ALTEC") enter into the following plea agreement.

　　　　1.　　ALTEC is a South Carolina corporation, having its headquarters in Easley, South Carolina.

　　　　2.　　ALTEC agrees to waive prosecution by Indictment and will instead plead guilty to a one-count criminal Information that will charge ALTEC with one count of conspiracy: to defraud the United States Food and Drug Administration; with intent to defraud and mislead, to engage in the wholesale distribution of prescription drugs subject to Title 21, United States Code, Section 353(b), and, before each such distribution, to fail to provide to the purchaser of the drugs a statement that identifies each prior sale, purchase, and trade of such drug, in violation of Title 21, United States Code, Section 331(t), 333(a)(2), and 353(e)(1)(A); and to commit wire fraud, in violation of Title 18,

1

United States Code, Section 1343; all in violation of Title 18, United States Code, Section 371.

3. ALTEC will provide to this Office written evidence in the form of a notarized resolution of the board of directors of ALTEC, certifying that ALTEC is authorized to plead guilty to the felony violation of Title 18, United States Code, Section 371, as charged in the Information, and certifying that ALTEC is authorized to enter into and comply with all provisions of this plea agreement. The resolution shall further state that the president of ALTEC, or his/her designee(s), is/are authorized to take these actions and that all corporate formalities have been observed, including, but not limited to, obtaining the required approval of ALTEC's board of directors or senior executive corporate officers. ALTEC agrees to have a designated representative to act on behalf of ALTEC in proceedings in the present case and to appear on ALTEC's behalf to enter a plea of guilty and for the imposition of sentence.

4. ALTEC is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter, the "Sentencing Guidelines" or "Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable Guidelines will be determined by the Court, relying in part on the results of a pre-sentence investigation by the United States Probation Office (hereinafter, "Probation Office" or "Probation"). The defendant is also aware that under certain circumstances, the Court may depart from the advisory sentencing guidelines range that it has computed and may raise or lower the advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is

required to consider the advisory guidelines range determined under the Sentencing Guidelines, but is not bound to impose a sentence within the advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, ALTEC understands and acknowledged that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph two and that ALTEC may not withdraw its guilty plea solely as a result of the sentence that is imposed.

5. For the violation of Title 18, United States Code, Section 371, ALTEC understands and acknowledges that the Court may impose sentence of not more than five years' probation and a fine of not more than $500,000 or twice the gross gain or gross loss. 18 U.S.C. §§ 3561(c)(1) and 3571(c)(3) and (d).

6. ALTEC understands that the Court is also authorized to order the defendant to pay restitution pursuant to Title 18, United States Code, Section 3663A.

7. ALTEC further understands and acknowledges that, in addition to any sentence imposed pursuant to this plea agreement, a special assessment in the amount of $400 shall be imposed upon the defendant for the crime to which the defendant agrees to plead guilty, pursuant to Title 18, United States Code, Section 3013(a)(2)(B). The defendant agrees that any special assessment shall be paid at the time of sentencing.

8. This Office reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offense committed, whether charged or not, as well as concerning ALTEC. Subject only to the express terms of any agreed-upon sentencing

recommendations contained in this plea agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

9.   ALTEC agrees to complete and sign any and all financial disclosure forms required by the United States Probation Office prior to sentencing.  ALTEC further agrees to supply the United States Probation Office with complete, truthful, and accurate information on these forms and agrees to provide any supplemental or supporting documentation or information that may be requested by the United States Probation Office.

10.   In connection with this plea agreement, this Office agrees not to prosecute any individuals who were employed by ALTEC or who had an ownership interest in ALTEC from the period of March 1, 2007 through July 31, 2009 for federal criminal offenses committed in the Southern District of Florida and connected with the purchase and distribution of prescription drugs by ALTEC.  The government's non-prosecution promise is contingent upon ALTEC's strict compliance with the terms of this plea agreement, including: its entry of a guilty plea and the transfer of funds to its counsel's escrow account in accordance with this plea agreement for the purpose of guaranteeing the later, complete payment of the jointly recommended criminal fine and criminal forfeiture in this case; and the payment of all Court-ordered fines, forfeitures, and special assessments.  The government is unaware of any other pending federal criminal investigation of ALTEC, its owners, or its employees and former employees in any district other than the Southern District of Florida for federal criminal offenses that relate to the distribution or sale of prescription drugs during the period of March 2007 through July 2009.

11. ALTEC's owners and its officers and directors have conferred with ALTEC'S counsel and understand that nothing in this plea agreement limits the right and authority of the United States to take any civil, tax, or administrative action against ALTEC or any of its owners, officers or former officers, and directors or former directors, including, but not limited to, any listing, exclusion, and debarment proceedings to restrict the rights and opportunities of ALTEC, its owners, officers or former officers, and directors or former directors to contract with the United States government or any agency of the United States. Furthermore, any recommendation in this plea agreement concerning the amount of loss, restitution, or forfeiture does not bind the United States government in any civil or administrative action taken by the United States government or any agency of the United States government against ALTEC, its owners, officers and former officers, and directors or former directors. Moreover, this plea agreement does not bind the Internal Revenue Service or the Tax Division of the United States Department of Justice. The government is unaware of any contemplated civil, tax or administrative action.

12. No later than ten (10) business days after the signing of this plea agreement by ALTEC's counsel and authorized representative, ALTEC and its owner(s) shall cause the sum of $3,000,400 (three million and four hundred dollars) to be transferred into an escrow account of counsel for ALTEC. The express purpose of this transfer is to guarantee the later full payment of all monies which the parties jointly recommend that the Court order ALTEC to pay as fines, forfeitures, and special assessments in connection with this plea agreement. This $3,000,400 sum shall not be

transferred out of counsel's escrow account until the Court has imposed sentence upon ALTEC and has ordered the payment of a criminal fine and criminal forfeiture.

13. No later than the date ALTEC enters a plea of guilty to the aforementioned information, ALTEC and its principal owner, Michael J. Cox, shall permanently surrender and relinquish all licenses or permits issued by the State of South Carolina or by any other federal, state, or local agency, which licenses or permits authorize ALTEC or Michael J. Cox to engage in the wholesale distribution of prescription drugs or to operate a pharmacy.

14. As to the crime of conspiracy to defraud the United States and commit federal offenses, all in violation of Title 18, United States Code, Section 371, the Office and the defendant agree that, although not binding on the United States Probation Office or the Court, they will jointly recommend that the Court make the following finding and conclusions as to the sentence to be imposed:

    a. <u>Base Offense Level</u>: Under Sections 2N2.1(a), 2N2.1(c)(1), 2B1.1(a)(2), the base offense level is 6.

    b. <u>Chapter 2 Specific Offense Characteristics</u>:

        1. Under Sections 1B1.3 and 2B1.1(b)(1)(M), the loss is approximately $55,000,000. This loss figure is based upon established federal case law that holds that gross pecuniary gain from the offense conduct is the measure of loss. <u>United States v. Marcus</u>, 82 F.3d 606 (4th Cir. 1996); <u>United States v. Bhutani</u>, 266 F.3d 661 (7th Cir. 2001); <u>United States v. Milstein</u>, 401 F.3d 53 (2nd Cir. 2005); and <u>United States v. Munoz</u>, 430 F.3d 1357 (11th Cir. 2005). Thus, the offense level will increase by 24.

      2.      Under Section 2B1.1(b)(9)(C), the offense conduct involved sophisticated means. Thus, the offense level will increase by 2.

      3.      Under Section 2B1.1(b)(13)(A), the offense conduct involved the conscious or reckless disregard of death or serious bodily injury. Thus, the offense level will increase by 2.

      c.      <u>Chapter 3 Adjustments</u>: None of the adjustments in Parts A, B, C, and E apply, pursuant to Section 8A1.2, commentary, application note 2.

      d.      <u>Estimate Total Offense Level</u>: Based on these recommendations, the parties estimate that the total offense level is 34.

      e.      <u>Chapter 8 Base Fine</u>: The base fine for the offense conduct is $28,500,000, pursuant to Sections 8C2.4(a)(1) and 8C2.4(d).

      f.      <u>Chapter 8 Culpability Score</u>: The base score of 5, as found in Section 8C2.5(a), should be reduced by one level, pursuant to Section 8C2.5(g)(3) because ALTEC has clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct.

      g.      <u>Chapter 8 Multiplier</u>: Under Section 8C2.6, the minimum multiplier is 0.80, and the maximum multiplier is 1.60.

      h.      <u>Chapter 8 Fine Range</u>: Under Section 8C2.7, the guideline fine range is between $22,800,000 and $45,600,000. Under Section 8C3.3(b), the parties recommend that the Court find that ALTEC is not able and not likely to become able to pay the minimum fine required under Section 8C2.7. The parties recommend that ALTEC pay a fine of $2,000,000 (two million dollars). The parties recommend that the $2,000,000 fine be paid in its entirety on the day of ALTEC's sentencing. If ALTEC

fails to make any payment of this criminal fine, the government, in its sole discretion, may void this plea agreement, keep any payments already made, including all monies transferred to ALTEC's counsel prior to sentencing, and proceed to criminally prosecute ALTEC or any individual to the fullest extent allowed by federal law.

    i.  Acceptance of Responsibility: The parties agree that if ALTEC does not abide by all of the agreements of this plea agreement, ALTEC's failure to comply is grounds for the loss of acceptance of responsibility under Section 8C2.5(g)(1). The parties agree that based on the information known to the government to date, the defendant is eligible for a reduction pursuant to Section 8C2.5(g)(1). Any information that becomes known to the government subsequent to the signing of this plea agreement that is inconsistent with ALTEC's acceptance of responsibility, including any conduct of ALTEC, including conduct of its owners, officers, or directors, are grounds for loss of acceptance of responsibility.

    j.  Restitution: The parties recommend that no restitution be ordered under Title 18, United States Code, Section 3663A.

15. ALTEC and the government hereby agree and stipulate that the facts in the Information are true. All of the facts set forth in the Information are hereby incorporated by reference into this plea agreement. ALTEC further agrees that the government is able prove the following facts beyond a reasonable doubt:

> Beginning in or around March 2007 and continuing through in or around July 2009, William D. Rodriguez (Rodriguez), a Miami-Dade County resident, reached an agreement, in the Southern District of Florida and elsewhere, with ALTEC to sell prescription drugs on a wholesale basis to ALTEC. At some point during the commission of this offense, ALTEC became aware that the drugs would come from suppliers who had not acquired the drugs in a lawful fashion and who were not properly licensed by the State of Florida or otherwise to conduct wholesale

distribution of drugs. Many of the drugs in question came from the Southern District of Florida.

In general, suppliers would sell and distribute wholesale quantities of the prescription drugs to Rodriguez, who would then cause the drugs to be sent by private or commercial interstate carriers from the Southern District of Florida to two companies owned and controlled by Rodriguez, Ocean Pharmed (Ocean) and Medpharma, which were South Carolina corporations that were based in the Columbia, South Carolina area, and were licensed by the State of South Carolina. Ocean and Medpharma would resell the drugs to ALTEC, which would then resell the drugs on a wholesale basis to various purchasers throughout the United States, including various licensed wholesale distributors. The companies or entities that purchased drugs from ALTEC, in turn, would often resell the drugs to other purchasers. Ultimately, the drugs would reach retail pharmacies throughout the United States where they would be acquired by the end users, individual consumers who would fill prescriptions at retail pharmacies.

The process of Ocean's and Medpharma's wholesale distribution of prescription drugs to ALTEC involved the creation of fabricated drug pedigree statements, which falsely indicated that Ocean and Medpharma had acquired the drugs from nationally known or recognized authorized drug distributors. In fact, Ocean and Medpharma did not acquire prescription drugs from such authorized distributors, and ALTEC became aware of this. Even though ALTEC knew that federal law required that drug pedigree statements be truthful and accurate as to all material facts, ALTEC nevertheless created false drug pedigree statements in connection with the resale of prescription drugs that it had acquired from Ocean and Medpharma. These drug pedigrees falsely stated that Ocean and Medpharma had acquired drugs from nationally or recognized drug distributors. ALTEC's drug pedigrees were relied upon by subsequent purchasers of the prescription drugs. The government has evidence that neither these subsequent purchasers nor the end-user individual consumers who later acquired the prescription drugs would have purchased the drugs had they known that the drugs in question had been acquired from unlicensed sources or had they known that the drug pedigrees falsified prior transactions involving the drugs.

In furtherance of the agreement between Rodriguez and ALTEC, the following was an overt that was committed in the Southern District of Florida by one of the conspirators and that furthered an object of the conspiracy: On or about March 18, 2008, William D. Rodriguez sent an email from Miami-Dade County to an employee of ALTEC that read in part, "Please help since I know that Acct. # 1 group is having all kinds of problems as you predicted about a year ago in Charlotte," which email

9

attached a list of unlicensed prescription drug wholesale suppliers from whom Rodriguez was purchasing prescription drugs and reselling them to ALTEC.

16. ALTEC is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the Probation Office, is a prediction, not a promise, and is not binding on this Office, the Probation Office, or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this plea agreement, or otherwise, is not binding on the Court, and the Court may disregard the recommendation in its entirety. ALTEC understands and acknowledges, as previously acknowledged in paragraph four of this plea agreement, that the defendant may not withdraw its plea based upon the Court's decision not to accept a sentencing recommendation made by ALTEC, the government, or a recommendation made jointly by ALTEC and the government.

17. ALTEC is aware that Title 18, United States Code Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by this Office in this plea agreement, ALTEC hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the Sentencing Guidelines range that the Court establishes at sentencing. The defendant understands that nothing in this plea agreement shall affect this Office's right and/or duty

10

to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if this Office appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this plea agreement, ALTEC acknowledges that it has discussed the appeal waiver set forth in this plea agreement with the defendant's attorney.

18. ALTEC agrees that $1,000,000 (one million dollars) in United States currency constitutes or is derived from proceeds that the defendant obtained directly or indirectly as a result of unlawful activity in the conspiracy — namely, a conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1343, all in violation of Title 18, United States Code, Section 371 — or is property traceable to such property. ALTEC agrees that such amount is forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C). ALTEC acknowledges and agrees to forfeit all rights, title, and interest in these funds and not to oppose whatever steps are necessary to pass clear title of these funds to the United States. Forfeiture of substitute assets shall not be deemed to be an alteration of ALTEC's sentence. In addition to all other waivers and releases set forth in this plea agreement, ALTEC waives any and all claims arising from or relating to the forfeiture discussed in this paragraph, including, but not limited to, any claims arising under the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, the Excessive Fines Clause of the Eighth Amendment, or any other provision of federal or state law. On the date of his sentencing, the defendant agrees to make full payment of the forfeiture to the United States, pursuant to instructions provided by the United States Attorney's Office for the Southern District of Florida. ALTEC and

the government agree that this payment shall satisfy any and all forfeiture obligations that the defendant may have as a result of the guilty plea, as well as any forfeiture obligation of ALTEC for the offense conduct relating to the plea. ALTEC's forfeiture shall neither satisfy nor offset any fines, restitution, or other penalty imposed upon ALTEC by the Court. Moreover, ALTEC's forfeiture shall not be used to offset ALTEC's tax liability or any other debt owed to the United States.

19. This is the entire agreement between this Office and ALTEC. There are no other agreements, promises, representations or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 8/10/12    By: _____
                     JON M. JUENGER
                     ASSISTANT UNITED STATES ATTORNEY

Date: 8/10/12    By: _____
                     DAVID A. FRANK
                     TRIAL ATTORNEY
                     U.S. DEPARTMENT OF JUSTICE
                     CONSUMER PROTECTION BRANCH

Date: 8/10/12    By: _____
                     MICHAEL J. ROSEN
                     ATTORNEY FOR ALTEC MEDICAL, INC.

Date: 6/11/12    By: _____
                     WILLIAM A. COATES
                     ATTORNEY FOR ALTEC MEDICAL, INC

Date: 6/14/12    By: _____
                     MICHAEL J. COX
                     President and Authorized Representative
                     of ALTEC MEDICAL, INC.

12